**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

SAMANTHA GEMMA,

*Plaintiff*

v.

FREEDOM MORTGAGE CORPORATION,

*Defendants*

**Case No. 3:26-CV-00095-RCY**

# FREEDOM MORTGAGE CORPORATION'S MEMORANDUM IN SUPPORT OF MOTION FOR ORDER DIRECTING PLAINTIFF TO CEASE AND DESIST DIRECT COMMUNICATIONS WITH FREEDOM REPRESENTATIVES

Freedom Mortgage Corporation ("Freedom"), by counsel, files this Memorandum in Support of its Motion and requests that this Court enter an Order that Samantha Gemma ("Plaintiff") cease and desist engaging in direct communications with Freedom representatives. Freedom apologizes for having to move this Court for relief but has been unable to get Plaintiff to cease her direct communications with Freedom's representatives, despite numerous statements from Freedom's counsel that the behavior is not appropriate and that it should cease and all communications on this matter be directed to outside counsel. Plaintiff went so far as to start blind copying Freedom's representatives on emails with Freedom's counsel to conceal her behavior and has taken the position it is not inappropriate when Freedom met and conferred with her on this issue. Accordingly, Freedom has no choice but to seek relief from this Court.

## I. LEGAL STANDARD

It is well-established a federal court "possesses the inherent power to regulate litigants' behavior and to sanction a litigant for bad-faith conduct." *CareFirst of Md., Inc. v. First Care, P.C.*, 422 F. Supp. 2d 592, 597 (E.D. Va. 2006) (citing *In re Weiss*, 111 F.3d 1159, 1171 (4th Cir. 1997)). District courts have the "inherent power to impose order, respect, decorum, silence, and compliance with lawful mandates." *Sanderson v. Boddie-Noell Enters*., 227 F.R.D. 448, 452 (E.D. Va. 2005) (citing *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 461 (4th Cir. 1993)). "Formal rules and legislative dictates do not limit district courts' power to control misbehaving litigants." *CareFirst of Md.*, 422 F. Supp. 2d at 597 (internal quotations and citation omitted). The Virginia Rules of Professional Conduct, incorporated by the Eastern District of Virginia, generally prohibit lawyers from communicating directly with represented parties concerning the subject of representation. *See* Rule 4.2, Va. R. Prof'l Conduct. While neither the Virginia Rules of Professional Conduct nor the Local Rules of this Court extend that prohibition to *pro se* litigants, this Court has recognized that "[a]ll ***litigants*** are expected to follow the rules that govern the practice of law in the Federal Court and be familiar with the Federal Rules of Civil Procedure and the Local Rules of this Court." *Stephenson v. Simmonds*, 2026 U.S. Dist. LEXIS 106370, at *6 (E.D. Va. May 13, 2026) (internal quotations omitted) (citing *Pro Se Reference Handbook*, United States District Court, E.D., (rev'd Apr. 17, 2026)) (emphasis added).

## II. FACTUAL BACKGROUND[1]

The undersigned is local counsel on the file and has been directly working with Sarah Mattingly of Dinsmore & Shohl, LLP ("Mattingly") on this matter.

---

[1] While the correspondence referenced is attached for this Court's consideration, it is redacted to preserve confidential settlement communications. However, should the Court wish, Freedom is happy to submit unredacted versions of the correspondence to the Court for review.

In an effort to resolve this litigation, which involves Plaintiff's delinquency to Freedom, and conserve this Court's resources, Mattingly reached out to Plaintiff regarding a potential resolution.

On September 4, 2026, Plaintiff responded to Freedom's proposed resolution with a monetary demand. Mattingly sought clarity from Plaintiff regarding her monetary demand. *See* **Exhibit A**. In response, Plaintiff initiated contact directly with Freedom representatives and carbon-copied ("cc") Mattingly. *Id.* Mattingly responded on Freedom's behalf, explicitly stating "do not to email our client again regarding the litigation. All correspondence must come through Dinsmore." *Id.* Plaintiff reacted to Mattingly's direction by requesting future correspondence be provided through Local Counsel of Record, Counselor Laura Hooe ("Hooe"). *Id.*

On September 8, Hooe accommodated Plaintiff's request and continued discussions in good faith. *See* **Exhibit B**. However, Plaintiff's inflammatory response failed to serve any purpose or add value to discourse. *Id.* Even more problematic, Plaintiff's response blind carbon-copied ("bcc") Freedom representatives, which was forwarded to Mattingly to bring attention to Plaintiff's deliberate defiance of counsel's instructions to cease and desist direct communications with her client. *Id.* Hooe replied to Plaintiff, stating Plaintiff's behavior made it clear meet-and-confer efforts were unsuccessful, and the inappropriate conduct in Plaintiff's continued outreach to Freedom, which is represented by counsel, would be brought to the Court's attention. *See* **Exhibit C**. Despite being put on notice for a third time, Plaintiff advised that she did not believe the rules applied to her and did not provide any indication that she would abide by the instruction. *See* **Exhibit D**.

Thus, despite Freedom's efforts, through counsel, to engage in productive correspondence regarding a resolution and requests that Plaintiff cease emailing Freedom, Plaintiff refuses to cease

emailing Freedom's representatives directly. This leaves Freedom with no choice but to ask this Court to intervene. Plaintiff's behavior has become exceptionally egregious given her decision to blind copy Freedom representatives, thereby hiding her continued inappropriate behavior from Freedom's counsel.

## III. CONCLUSION

Accordingly, Freedom respectfully requests this Court entered an Order directing Plaintiff cease and desist all direct communications with Freedom representatives pertaining to the above-styled action and requiring all correspondence be transmitted through Counsel, and for such other relief as the Court deems just and proper.

Respectfully submitted,
FREEDOM MORTGAGE CORPORATION

*/s/ Laura May Hooe*

Laura May Hooe (VSB No. 84170)
Klein Thomas Lee & Fresard
Three James Center
1051 E. Cary St., Suite 1430
Richmond, VA 23219
(703) 577-6644
Laura.hooe@kleinthomaslaw.com
*Counsel for Freedom Mortgage Corporation*

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was filed via CM/ECF, and served via e-mail, on this 15th date of September 2026, upon all parties of record, including the following:

Samantha Gemma
8002 South Woods Drive
Fredericksburg, Virginia 22408
Samanthagemma1@gmail.com
*Plaintiff*

*/s/ Laura May Hooe*
*Counsel for Freedom Mortgage Corporation*