Outlook

## Re: Settlement Proposal Remains Active

**From** Samantha G <samanthagemma1@gmail.com>
**Date** Fri 9/4/2026 2:09 PM
**To** Mattingly, Sarah <Sarah.Mattingly@DINSMORE.COM>; [redacted]@freedommortgage.com <[redacted]@freedommortgage.com>; [redacted]@freedommortgage.com <[redacted]@freedommortgage.com>; [redacted]@freedommortgage.com <[redacted]@freedommortgage.com>; laura.hooe@kleinthomaslaw.com <laura.hooe@kleinthomaslaw.com>

Sarah,

Your response is remarkably abrupt and self-serving given **your own words**: "Before sending this to the client..." **Your own email made transmission of Plaintiff's settlement correspondence contingent** upon answers to YOUR additional questions. Plaintiff therefore sent the correspondence directly to Freedom Mortgage's in-house litigation counsel, **whose names and contact information already appear in the federal court record.**

Your vague threat to seek "appropriate relief" is noted. If you contend Plaintiff violated any rule or Court order, **IDENTIFY IT.** Unlike your empty threat, Plaintiff's concern is quite specific:

**Virginia Rule of Professional Conduct 1.4(c) requires counsel to inform the client of communications from another party that may significantly affect settlement or resolution.**

**Plaintiff reserves her rights concerning your conduct as well.** We will be reporting this instance to the Virginia State Bar for review.

Despite your unnecessarily hostile response today, Plaintiff remains amenable to settlement. Going forward, Plaintiff would prefer that settlement communications be handled through Laura Hooe, [the actual] counsel of record.

**Samantha Gemma**

On Fri, Sep 4, 2026 at 12:53 PM Mattingly, Sarah <Sarah.Mattingly@dinsmore.com> wrote:

> Ms. Gemma:
>
> As you know, Freedom is represented by counsel. Under the rules, all correspondence must come through Dinsmore. You have no right to be reaching out or communicating with our client. To be clear, do not email our client again regarding the litigation. All correspondence must come through us.

We will be reporting this instance to the Court and requesting appropriate relief.

**Sarah S. Mattingly**
Partner

**T** (859) 425-1096
**F** (502) 585-2207
**E** sarah.mattingly@dinsmore.com

101 South Fifth Street, Suite 2500
Louisville, KY 40202

---

**From:** Samantha G <samanthagemma1@gmail.com>
**Sent:** Friday, September 4, 2026 12:32 PM
**To:** [redacted]@freedommortgage.com; [redacted]@freedommortgage.com; [redacted]@freedommortgage.com
**Cc:** Mattingly, Sarah <Sarah.Mattingly@DINSMORE.COM>
**Subject:** Fwd: Settlement Proposal Remains Active

**see attached letter**

Gentlemen,

Sarah asked for clarification before sending the attached letter to Freedom. Since you now have it, the clarification is straightforward:

- Freedom already moved to dismiss this action and **failed to obtain dismissal**.
- A Regulation X claim remains pending and **will proceed to discovery** regardless of what happens with the pending amendment.
- Plaintiff has already sought to expand the case to **five regulatory theories across two counts**.
- If leave is granted, **Freedom will again have to respond** to the pleading—whether by another motion to dismiss or another answer—before the case moves forward.
- If the case is not resolved while Plaintiff remains pro se, **Plaintiff will proceed with retaining counsel**.
- As you already know, a successful RESPA action may also expose Freedom to Plaintiff's reasonable **attorney's fees in addition to its own continuing defense costs**.
- Sarah characterized this as a "dispute." In reality, it is active federal litigation that Freedom has already been unable to dismiss and is **positioned to become broader and more expensive**.

As to what "represents" the [redacted]:

**It is the amount Freedom can pay today to end the litigation with certainty instead of continuing to spend unknown amounts defending an uncertain outcome.**

The August 25 proposal remains available on its existing terms while Plaintiff remains unrepresented.

Yours,

**Samantha Gemma**

---------- Forwarded message ---------
From: **Mattingly, Sarah** <Sarah.Mattingly@dinsmore.com>
Date: Fri, Sep 4, 2026 at 8:02 AM
Subject: RE: Settlement Proposal Remains Active
To: Samantha G <samanthagemma1@gmail.com>, laura.hooe@kleinthomaslaw.com <laura.hooe@kleinthomaslaw.com>
Cc: Boyd, Lindsey J. <Lindsey.Boyd@dinsmore.com>

Ms. Gemma:

Before sending this to the client, I need to understand whether you are agreeable to the other settlement terms and this is just a counter-offer that you are still demanding the [redacted] or whether you just now want [redacted].

Can you provide a quick summary on the damages you alleged to have suffered that represent the [redacted]?

Thanks,

**Sarah S. Mattingly**
Partner

**T** (859) 425-1096
**F** (502) 585-2207
**E** sarah.mattingly@dinsmore.com

DINSMORE

101 South Fifth Street, Suite 2500
Louisville, KY 40202

**From:** Samantha G <samanthagemma1@gmail.com>
**Sent:** Friday, September 4, 2026 6:25 AM
**To:** Mattingly, Sarah <Sarah.Mattingly@DINSMORE.COM>; laura.hooe@kleinthomaslaw.com
**Subject:** Settlement Proposal Remains Active

see attached

---

NOTICE: This electronic mail transmission from the law firm of Dinsmore & Shohl may constitute an attorney-client communication that is privileged at law. It is not intended for transmission to, or receipt by, any unauthorized persons. If you have received this electronic mail transmission in error, please delete it from your system without copying it, and notify the sender by reply e-mail, so that our address record can be corrected.